

FILED
OCT 30 2019
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

1  COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983
2  Name: __SMITH__   __ANTHONY__   __X__
        (Last)          (First)      (Middle Initial)
4  Prisoner Number: __AC8729__
5  Institutional Address: __High Desert Prison__

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

__Anthony Smith__
(Enter your full name.)

CV 19 7162

vs.

__Parole Board, Counselors and__
__administration, Records office__
__of High Desert State Prison__
(Enter the full name(s) of the defendant(s) in this action.)

Case No. _____
(Provided by the clerk upon filing)

COMPLAINT UNDER THE
CIVIL RIGHTS ACT,
42 U.S.C. § 1983

TSH
(PR)

I. Exhaustion of Administrative Remedies.

*Note:* You must exhaust available administrative remedies before your claim can go forward. The court will dismiss any unexhausted claims.

A. Place of present confinement __High Desert__

B. Is there a grievance procedure in this institution?   YES ☒   NO ☐

C. If so, did you present the facts in your complaint for review through the grievance procedure?   YES ☒   NO ☐

D. If your answer is YES, list the appeal number and the date and result of the appeal at each level of review. If you did not pursue any available level of appeal, explain why.

   1. Informal appeal: __Inclosed; See CDCR 0022__

2. First formal level: HDSP-D-18-03985

3. Second formal level: Denied but interviewed

4. Third formal level: Denied

Even Habeaus to sentencing court!

E. Is the last level to which you appealed the highest level of appeal available to you?
   YES ☒   NO ☐

F. If you did not present your claim for review through the grievance procedure, explain why.

## II. Parties.

A. Write your name and present address. Do the same for additional plaintiffs, if any.
Anthony Smith  H.D.S.P.

B. For each defendant, provide full name, official position and place of employment.
Spearman and his parole board members of H.D.S.P.
I don't know there name.



*[handwritten: "My claim" with arrow pointing down]*

**B. Any Federal Claims Must Be Brought In A Civil Rights Action**

Even if Smith identified a federal constitutional right (or right under the laws or treaties of the United States) that was violated, the petition has a separate flaw that requires dismissal of the action. Specifically, a claim to enforce rights under Proposition 57 must be brought in a civil rights action, if it may be brought in federal court at all. *[handwritten: "Judges S."]*

**1. Proposition 57 Created Only A New Avenue For Parole Consideration**

California's Proposition 57, approved by voters in November 2016, makes parole more available for certain felons convicted of nonviolent crimes. Specifically, Proposition 57 adds Article I, section 32 to the California Constitution. That section provides:

§ 32. Public Safety and Rehabilitation Act of 2016

(a) The following provisions are hereby enacted to enhance public safety, improve rehabilitation, and avoid the release of prisoners by federal court order, notwithstanding anything in this article or any other provision of law:



(1) Parole Consideration: *Any person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term for his or her primary offense.* *[handwritten: "Burglary Offense"]*

(A) For purposes of this section only, the full term for the primary offense means the longest term of imprisonment imposed by the court for any offense, excluding the imposition of an enhancement, consecutive sentence, or alternative sentence.

(2) Credit Earning: The Department of Corrections and Rehabilitation shall have authority to award credits earned for good behavior and approved rehabilitative or educational achievements.

(b) The Department of Corrections and Rehabilitation shall adopt regulations in furtherance of these provisions, and the Secretary of the Department of Corrections and Rehabilitation shall certify that these regulations protect and enhance public safety.

Cal. Const. art. I, § 32 (emphasis added). The addition of § 32 to the California Constitution is the only change made to the adult criminal justice system in California as a result of Proposition 57.[1]

---

[1] Proposition 57 also changes the juvenile justice system in California by amending California Welfare and Institutions Code sections 602 and 707. This part of Proposition 57 is not discussed further because it is not relevant to Smith's petition. Smith was over 40 years old at the time of his convictions. *See* Docket No. 1-1 at 8 (listing year of birth as 1966).

The text of Proposition 57 does not provide for existing prisoners to be resentenced. Although the state court cases addressing application of Proposition 57 are all unpublished decisions, they have "uniformly state[d] that Proposition 57 creates a mechanism for parole consideration, not a vehicle for resentencing." *Daniels v. California Dep't of Corr. and Rehab.*, 2018 WL 489155, at *4 (E.D. Cal. Jan. 19, 2018). *See, e.g., People v. Patton*, 2018 WL 316967 (Cal. Ct. App. Jan. 8, 2018) (unpublished) (after trial court denied petition for resentencing on the ground that there was no resentencing option under Proposition 57 because it only provided a parole opportunity for certain inmates, *Wende* brief was filed in court of appeal; court of appeal rejected the appeal because a review of the record disclosed no arguable issues on appeal); *People v. Harris*, 2017 WL 4230834, *2 (Cal. Ct. App. Sept. 25, 2017) (unpublished) ("even if appellant were eligible for relief under Proposition 57, he would be entitled only to parole consideration, not the resentencing or sentence modification he sought in his motion. Any determination as to appellant's right to parole must be made, in the first instance, by the appropriate agency").

Proposition 57 gives those prisoners convicted of nonviolent felony offenses a state law right to be "eligible for parole consideration after completing the full term for his or her primary offense." Proposition 57 does not require or provide any mechanism for state law prisoners to be resentenced by the courts in which they were convicted. The addition of § 32 to Article I of the California Constitution resulted in prisoners potentially becoming "eligible for parole consideration," but did nothing to undermine the validity of their existing sentences.

Smith cites to *In re Edwards*, 26 Cal. App. 5th 1181 (Cal. Ct. App. 2018), but that case does not aid him because it discusses state law rights only and the principles discussed do not show his entitlement to release. *Edwards* held that regulations adopted by the CDCR were inconsistent with § 32 to Article I of the California Constitution because the regulations excluded from early parole consideration certain nonviolent offenders. More prisoners will receive early parole consideration due to the *Edwards* decision, but that does not necessarily mean that Smith, or any other one of those prisoners, will be found suitable for parole.

III. Statement of Claim.

State briefly the facts of your case. Be sure to describe how each defendant is involved and to include dates, when possible. Do not give any legal arguments or cite any cases or statutes. If you have more than one claim, each claim should be set forth in a separate numbered paragraph.

IV. Relief.

Your complaint must include a request for specific relief. State briefly exactly what you want the court to do for you. Do not make legal arguments and do not cite any cases or statutes.

Take me to board for release

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on: Oct. 22, 2019                     Anthony Smith
                Date                          Signature of Plaintiff