UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY X. SMITH, | No. 2:19-cv-2454 DB P |
| Plaintiff, | |
| v. | ORDER |
| PAROLE BOARD, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has not, however, filed an in forma pauperis affidavit or paid the required filing fee of $350.00 plus the $50.00 administrative fee.[1] See 28 U.S.C. §§ 1914(a), 1915(a).

By order dated, December 16, 2019, the court directed plaintiff to file an in forma pauperis application or pay the filing fee within thirty days. (ECF No. 11.) Plaintiff was warned that failure to file the application or pay the filing fee would result in a recommendation that this action be dismissed. Thereafter, plaintiff filed a document arguing that he should be "automatically approved" to proceed in forma pauperis. (ECF No. 12.) Plaintiff states that the

////

---

[1] If leave to file in forma pauperis is granted, plaintiff will still be required to pay the filing fee but will be allowed to pay it in installments. Litigants proceeding in forma pauperis are not required to pay the $50.00 administrative fee.

1

undersigned was assigned to a separate case plaintiff filed in 2019 and thus must remember

plaintiff. Plaintiff's filing also questions the undersigned's comprehension and race.

Plaintiff appears to be under the impression that because he was granted leave to proceed

in forma pauperis in Smith v. Listen, 2:19-cv-3198 MCE DB P,[2] he should not have to file a new

application in this case. However, plaintiffs are required to pay the filing fee or move to proceed

in forma pauperis in each action filed. See 28 U.S.C. § 1915. When an inmate wishes to proceed

with a civil action without full payment of the filing fee, he must submit an affidavit stating the

nature of the action and a certified copy of the trust account statement for the 6-month period

immediately preceding the filing of the complaint. Id.

Plaintiff is not excused from the in forma pauperis application requirement because he

was previously granted leave to proceed in forma pauperis. Additionally, he may not rely on his

prior application because in forma pauperis status is made on a case-by-case basis. Accordingly,

the court will direct plaintiff to file an application to proceed in forma pauperis.

For the reasons state above, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to send plaintiff, along with this order, a copy of the
   court's Application to Proceed in Forma Pauperis;

2. Within thirty days of the date of this order plaintiff shall file his Application to
   Proceed in Forma Pauperis on the court's form; and

3. Failure to file the form or pay the filing in full by that time will result in a
   recommendation that this action be dismissed.

Dated: February 21, 2020

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB:1/Orders/Prisoner/Civil.Rights/smit2454.Fee

---

[2] The court notes that plaintiff also attempted to avoid applying to proceed in forma pauperis in
Case No. 19-cv-3198. See ECF Nos. 8, 11, 13, 16, 17. The court may take judicial notice of its
own records and the records of other courts. See MGIC Indem. Co. v. Weisman, 803 F.2d 500,
505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).