1

2

3

4

5

6

7                              UNITED STATES DISTRICT COURT

8                        FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10    ANTHONY X. SMITH,                              No.  2:19-cv-2454 DB P

11                     Plaintiff,

12          v.                                        ORDER

13    PAROLE BOARD, et al.,

14                     Defendants.

15

16          Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42

17    U.S.C. § 1983.  Plaintiff claims his rights have been violated because he has not received a parole

18    hearing.  Presently before the court is plaintiff's amended complaint for screening (ECF No. 22).

19    For the reasons set forth below the court will dismiss the amended complaint with leave to

20    amend.

21                                           **SCREENING**

22    **I.      Legal Standards**

23          The court is required to screen complaints brought by prisoners seeking relief against a

24    governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. §

25    1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims

26    that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

27    granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

28    U.S.C. § 1915A(b)(1) & (2).

                                                    1

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

2  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

3  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

4  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

5  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

6  pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.

7  Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

8  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

9  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

10  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

11    However, in order to survive dismissal for failure to state a claim a complaint must

12  contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

13  factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,

14  550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

15  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

16  738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

17  doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

18    The Civil Rights Act under which this action was filed provides as follows:

19    Every person who, under color of [state law] . . . subjects, or causes
     to be subjected, any citizen of the United States . . . to the deprivation
20    of any rights, privileges, or immunities secured by the Constitution .
     . . shall be liable to the party injured in an action at law, suit in equity,
21    or other proper proceeding for redress.

22  42 U.S.C. § 1983.  Here, the defendants must act under color of federal law.  Bivens, 403 U.S. at

23  389.  The statute requires that there be an actual connection or link between the

24  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

25  Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

26  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

27  meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

28  ////

2

1  omits to perform an act which he is legally required to do that causes the deprivation of which

2  complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

3       Moreover, supervisory personnel are generally not liable under § 1983 for the actions of

4  their employees under a theory of respondeat superior and, therefore, when a named defendant

5  holds a supervisorial position, the causal link between him and the claimed constitutional

6  violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);

7  Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations

8  concerning the involvement of official personnel in civil rights violations are not sufficient.  See

9  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

10  **II.**  **Allegations in the Amended Complaint**

11       Plaintiff refers to his conviction and indicates that California Attorney General, Xavier

12  Beccera does not understand sentencing.  (ECF No. 22 at 1.)  He further indicates that his

13  previous complaint was "enough for the basics of arraignment, and sufficient under 'Res Ipsa

14  Loquitor' as prima facie that an incident occurred to wit under the 7th amendment for suit!"  (Id.

15  at 2.)  He alleges that the case records at High Desert Prison are not in conformity with

16  Proposition 57.  He states that his convictions are two non-violent burglaries for which he

17  received indeterminate life sentences.  He claims that Ms. Munoz is applying a clause that should

18  not apply and considering the cases together rather than separately.  (Id. at 4.)

19  **III.**  **Does Plaintiff State a § 1983 Claim?**

20       As in the original complaint, plaintiff's amended complaint does not contain a description

21  of the facts giving rise the claim.  Rule 8 of the Federal Rules of Civil Procedure mandates that a

22  complaint include a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and that each

23  allegation "be simple, concise, and direct."  Fed. R. Civ. P 8(d)(1).  Here, however, plaintiff has

24  failed to state any specifics from which the court could determine the basis of his claim.  The

25  complaint must not force the Court and defendant to guess at what is being alleged against whom,

26  require the Court to spend its time "preparing the 'short and plain statement' which Rule 8

27  obligated plaintiff to submit," or require the Court and defendant to prepare lengthy outlines "to

28  determine who is being sued for what."  McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996);

1   see also Brazil v. U.S. Dept. of Navy, 66 F.3d 193, 199 (9th Cir. 1995) ("[a]lthough a pro se

2   litigant . . . may be entitled to great leeway when the court construes his pleadings, those

3   pleadings nonetheless must meet some minimum threshold in providing a defendant with notice

4   of what it is that it allegedly did wrong").

5          Plaintiff's amended complaint does not make clear which individuals are defendants in

6   this action and fails to state with specificity what rights violation(s) serve as the basis of his

7   claim.  At the top of the first page of the amended complaint plaintiff has written, "Comments to

8   last order etc[.]"  However, an amended complaint supersedes any prior complaint, Lacey v.

9   Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012), and must be "complete in itself without

10  reference to the prior or superseded pleading," E.D. Cal. R. 220.  Because the amended complaint

11  appears to be a response to the court's prior screening order and fails to comply with Federal Rule

12  of Civil Procedure 8 it will be dismissed.

13         Plaintiff is again cautioned that to the extent he intends to base his claim on the California

14  Department of Correction and Rehabilitation's failure to give him the benefit of Proposition 57,

15  such a claim may not be cognizable.  In cases in which inmates have filed § 1983 complaints

16  challenging the constitutionality of the California Department of Correction and Rehabilitation's

17  application of Proposition 57 to their cases, federal courts have found that the prisoner-plaintiffs

18  failed to allege a cognizable claim under § 1983 because the crux of their complaints concerned

19  an alleged violation of state law.  Ramos v. Spearman, No. 2:19-cv-1662 KJN P, 2019 WL

20  4571943 at *2 (citing Russell v. Diaz, 2019 WL 2613592, at *3 (E.D. Cal. Sept. 20, 2019);

21  Herrera v. California State Superior Courts, 2018 WL 400320 (E.D. Cal. 2018)).  In order to state

22  a claim under § 1983, plaintiff must "demonstrate a violation of federal law, not state law."

23  Galen v. Cty. of Los Angeles, 477 F.3d 652, 662 (9th Cir. 2007).  Plaintiff may not turn a state

24  law violation into a federal claim by merely alleging a due process violation.  See Swarthout v.

25  Cooke, 562 U.S. 216, 222 (2011) ("[A] mere error of state law is not a denial of due process.")

26  (citations and quotations omitted).

27         Further, to the extent plaintiff seeks to challenge the fact or duration of his sentence, his

28  sole federal remedy is a writ of habeas corpus, and a lawsuit under 42 U.S.C. § 1983 is

4

1   inappropriate.  Preiser v. Rodriguez, 411 U.S. 475, 479 (1973) ("Release from penal custody is

2   not an available remedy under the Civil Rights Act"); Young v. Kenny, 907 F.2d 874, 875 (9th

3   Cir. 1989) ("Where a state prisoner challenges the fact or duration of his confinement, his sole

4   federal remedy is a writ of habeas corpus.").

5                                          **AMENDING THE COMPLAINT**

6            As set forth above, the complaint does not contain sufficient facts to state a potentially

7   cognizable claim.  However, plaintiff will be given the opportunity to file an amended complaint.

8   In any amended complaint, plaintiff must demonstrate how the conditions about which he

9   complains resulted in a deprivation of his constitutional rights.  Rizzo, 423 U.S. at 370-71.  Also,

10  the complaint must allege in specific terms how each named defendant is involved.  Arnold v.

11  Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).  There can be no liability under 42

12  U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's action

13  and the claimed deprivation.  Id.; Johnson, 588 F.2d at 743.  Furthermore, "[v]ague and

14  conclusory allegations of official participation in civil rights violations are not sufficient."  Ivey,

15  673 F.2d at 268.

16           Plaintiff is advised that in an amended complaint he must clearly identify each defendant

17  and the action that defendant took that violated his constitutional rights.  The court is not required

18  to review exhibits to determine what plaintiff's charging allegations are as to each named

19  defendant.  If plaintiff wishes to add a claim, he must include it in the body of the complaint.  The

20  charging allegations must be set forth in the amended complaint, so defendants have fair notice of

21  the claims plaintiff is presenting.  That said, plaintiff need not provide every detailed fact in

22  support of his claims.  Rather, plaintiff should provide a short, plain statement of each claim.  See

23  Fed. R. Civ. P. 8(a).

24           Any amended complaint must show the federal court has jurisdiction, the action is brought

25  in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must

26  contain a request for particular relief.  Plaintiff must identify as a defendant only persons who

27  personally participated in a substantial way in depriving plaintiff of a federal constitutional right.

28  Johnson, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional right if

                                                        5

1    he does an act, participates in another's act or omits to perform an act he is legally required to do

2    that causes the alleged deprivation).

3        In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed.

4    R. Civ. P 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed.

5    R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or

6    occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

7        The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d

8    1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any

9    heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P.

10   84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be

11   set forth in short and plain terms, simply, concisely, and directly. See Swierkiewicz v. Sorema

12   N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system,

13   which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

14       Plaintiff is informed that the court cannot refer to a prior pleading in order to make his

15   amended complaint complete. An amended complaint must be complete in itself without

16   reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, all

17   prior pleadings are superseded. Therefore, in an amended complaint, as in an original complaint,

18   each claim and the involvement of each defendant must be sufficiently alleged.

19       By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and

20   has evidentiary support for his allegations, and for violation of this rule the court may impose

21   sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

22   ////

23   ////

24   ////

25   ////

26   ////

27   ////

28   ////

1

**CONCLUSION**

2      Accordingly, IT IS HEREBY ORDERED that:

3      1.  Plaintiff's amended complaint (ECF No. 22) is dismissed with leave to amend.

4      2.  Plaintiff is granted sixty days from the date of service of this order to file an amended

5           complaint that complies with the requirements of the Civil Rights Act, the Federal

6           Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint

7           must bear the docket number assigned to this case and must be labeled "Second

8           Amended Complaint."

9      3.  Failure to comply with this order will result in a recommendation that this action be

10          dismissed.

11  Dated:  May 22, 2020

12

13

14  DEBORAH BARNES
    UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20  DB:12
    DB:1/Orders/Prisoner/Civil.Rights/smit2454.scrn2

21

22

23

24

25

26

27

28